

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 25, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   *United States v. Alexis Medrano*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

The defendant is scheduled to be sentenced in this matter on December 1, 2014, at 3:30 p.m. For the reasons explained below, the Government respectfully submits that a Guidelines Sentence be imposed at sentencing, which would result in a sentence of 151 to 188 months' imprisonment.

**Background**

The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York. At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller. The Government made plea offers based on these classifications. The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a

1

lower drug weight. Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

### The Defendant's Conduct

The defendant, Alexis Medrano, was a street seller. In the structure of the Organization, the Government places him in the lower-tier of defendants. As a result, the Government agreed to accept a plea without a mandatory minimum sentence. Pursuant to the defendant's plea agreement, the defendant's Guidelines offense level is 29 and his criminal History Category is VI because he is a career offender, resulting in a stipulated Guidelines rage of 151 to 188 months' imprisonment. The Government notes that the defendant would be in Criminal History Category VI even without being a career offender. In light of the substantial amount of heroin and crack cocaine sold by the Organization, and the defendant's serious criminal history, the Government respectfully submits that a sentence of 151 to 188 months' imprisonment is appropriate here, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

The Government acknowledges that the Court granted a downward variance for another defendant in this case, Jose Aviles, with the same career offender Guidelines range, and sentenced Aviles to 60 months' imprisonment. However, while the Court is not bound by the career offender Guidelines, and may vary downwards, the Second Circuit has held that a sentencing court must "take Congress's views on repeat offenders into account in determining the appropriate sentence." *United States* v. *Sanchez*, 517 F.3d 651,665 (2d Cir. 2008). Here, as noted above, the defendant long criminal history speaks loudly to the need for specific deterrence in this case.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *Jared Lenow* (signature)

Jared Lenow/Jessica Masella
Assistant United States Attorneys
(212) 637-1068/2288

cc: Donald Yannella, Esq. (by email)